FILED

Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #132847]
**BRENNAN, WIENER & ASSOCIATES**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Marisela Morales

2009 AUG -4 PM 12: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ___________

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARISELA MORALES, an Individual;

Plaintiff,

vs.

EQUIFAX, INC., is a Corporation; EXPERIAN INFORMATION SOLUTIONS INC.; TRANSUNION, CORP., CITIMORTGAGE INC., a business entity, form unknown; SPECIALIZED LOAN SERVICING LLC, a business entity, form unknown, and DOES 1-10, Inclusive,

Defendants.

Case No. CV09-5687RSWL (AGRx)

**COMPLAINT FOR DAMAGES:**

1. FAIR CREDIT REPORTING ACT.
2. CALIFORNIA IDENTITY THEFT LAW.
3. ROSENTHAL DEBT COLLECTION PRACTICES ACT.

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff MARISELA MORALES ("Plaintiff") is a resident of County of Los Angeles, State of California.

2. Defendants EQUIFAX , INC., ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN"), TRANSUNION, CORP., ("TRANSUNION") are business entities, forms unknown, doing business in the

State of California as credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". CITIMORTGAGE, INC.,("CITIMORTGAGE") and SPECIALIZED LOAN SERVICING, LLC. ("SLS") are creditors which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each

Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

**FIRST CAUSE OF ACTION**

**[VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]**

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX, TRANSUNION and EXPERIAN and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about 2001, Plaintiff lost identification documents while she lived in Michigan City, Indiana.

9. On or about January 2007, Plaintiff discovered that someone unknown to her was using her personal identification to apply for home loans and other credit/lines of credit.

10. On or about February 2007, someone unknown to Plaintiff filed for a home loan with CITIMORTGAGE account #77152 in the amount of $275,000.00.

11. On April 14, 2008, Plaintiff sent correspondence to CITIMORTGAGE explaining that she did not apply for a home loan with them. She explained she

was a victim of identity theft. Plaintiff also attached a copy of the police report and requested the CITIMORTGAGE remove account #77152 be removed form her credit profile.

12. On August 28, 2008, SLS sent Plaintiff a Home Equity Line Statement account # 1002715022 with a balance due of $3,499.09. SLS continues to send Plaintiff a monthly statement, which includes the amount of $371.63 in outstanding late fees.

13. On September 17, 2008, CITIMORTGAGE sent Plaintiff a letter responding to correspondence sent by Plaintiff regarding loan #771523026. This letter advised Plaintiff that CITIMORTGAGE was unable to suspend collection or foreclosure activity until such time that a "Workable Solution had been approved or completed, depending on the type of solution offered.

14. On September 18, 2008, Bank of America sent Plaintiff correspondence regarding account # 4800 1131 9369 2295. The letter informed Plaintiff that her credit limit had been lowered to $500. The principle reason that contributed to this decision was serious delinquency, and public record or collection filed. Directions to contact TRANSUNION for a copy of her credit report were also given.

15. On September 26, 2008, Bank of American sent Plaintiff notice regarding account # 4800 1131 9369 2295. In a proactive approach to reviewing customer's accounts the decision had been made to close Plaintiff's account. Directions to contact TRANSUNION for a copy of her credit report were also given.

16. On October 26, 2008, EXPERIAN sent Plaintiff an updated credit report advising that an initial Security Alert had been added to her credit profile that would expire after 90 days form October 26, 2008.

17. On November 3, 2008, TRANSUNION sent Plaintiff an updated

consumer credit report with their investigation results. CITIMORTGAGE account #771523026 remained with "Foreclosure Initiated" under the remarks section and 90 days late 6 times.

18. On November 4, 2008, EQUIFAX sent Plaintiff the results of their investigation: CITIMORTGAGE account #77152 was a valid account belonging to Plaintiff and would remain on her credit report unchanged.

19. On November 10, 2008, EXPERIAN sent Plaintiff an updated credit report alerting her to potential negative information concerning CITIMORTGAGE account #77152, which had started Foreclosure Proceedings.

20. On November 27, 2008, Specialized Loan Servicing, LLC sent Plaintiff a Home Equity Line Statement account # 1002715022 with a balance due of $4,566.21, which included $371.63 in outstanding late fees.

21. On July 11, 2009, Plaintiff filed an identity theft police report with the Ventura County Sheriff's Department. Plaintiff also filled out an ID Theft Affidavit stating that the unknown suspects used her personal information without her permission on a grant deed for real estate and home equity loan in the county of Los Angeles. At the time the loans were applied for Plaintiff lived in Michigan City, Indiana, working part time as stylist at JCPenny

22. On March 3, 2009, CITIMORTGAGE sent Plaintiff correspondence regarding loan #771523026 offer additional time to save her home and avoid foreclosure proceedings.

23. On March 10, 2009, CITIMORTGAGE sent Plaintiff correspondence regarding loan #771523026 notifying her of possible foreclosure proceedings.

24. On April 30, 2009, Wells Fargo sent Plaintiff a notice of their decision to close her credit account ending in 9654. They made their decision based on information obtained from her EXPERIAN credit report.

25. Defendants CITIMORTGAGE, SLS, EQUIFAX, EXPERIAN, and

TRANSUNION have refused, despite Plaintiff's phone calls and letters to acknowledge that she was not responsible for the CITIMORTGAGE and SLS accounts.

26. Plaintiff sent correspondence to TRANSUNION, EQUIFAX, EXPERIAN, CITIMORTGAGE and SLS asking that they reinvestigate her account, cease any negative credit reporting and remove her account form collection activity. On information and belief, one or more of the credit bureaus sent dispute notices to CITIMORTGAGE and SLS, thereby activating CITIMORTGAGE and SLS'S obligations to Plaintiff under the Fair Credit Reporting Act.

27. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

28. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and,

h. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

29. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

30. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the

debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE SECTION 1798.92 et seq., AGAINST CITIMORTGAGE, SLS AND DOES 13-20, INCLUSIVE.**

31. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

32. In continuing credit reporting and debt collection activities against plaintiff after she had reported to them the identity theft situation and after providing them with a police report, CITIMORTGAGE, SLS and DOES 13-20, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

33. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law. In addition, Plaintiff alleges that defendants CITIMORTGAGE, SLS and DOES 13-20, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling her to a $30,000.00 penalty, in addition to any other damages which may be assessed.

///

///

///

///

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA ROSENTHAL ACT AGAINST CITIMORTGAGE, SLS AND DOES 13-20, INCLUSIVE.**

34. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

35. In continuing debt collection and credit-reporting activities after the point where plaintiff notified defendants of the identity theft situation, and after she provided them with a police report of the identity theft, defendants CITIMORTGAGE, SLS and DOES 13-20, Inclusive, willfully and knowingly violated the California Rosenthal Act, and specifically violated Civ. Code Section 1788.18.

36. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the Rosenthal Act. In addition, Plaintiff alleges that defendants CITIMORTGAGE, SLS and DOES 13-20, Inclusive, specifically violated Civ. Code Section 1788.18, thereby entitling her to a statutory penalty, in addition to any other damages which may be assessed.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: July 30 2009

**BRENNAN, WIENER, & ASSOCIATES**

By:________________________

Robert F. Brennan

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

**CV09- 5687 RSWL (AGRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Robert F. Brennan, Esq. [S.B. #1324]
Robert A. Wiener, Esq. [S.B. #132847]
BRENNAN, WIENER & ASSOCIATES AP.C.
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARISELA MORALES, an Individual; PLAINTIFF(S) v. EQUIFAX, INC., is a Corporation; EXPERIAN INFORMATION SOLUTIONS INC.; TRANSUNION, CORP., CITIMORTGAGE INC., a business entity, form unknown; SPECIALIZED LOAN SERVICING LLC, a business entity, form unknown, and DOES 1-10, Inclusive, DEFENDANT(S). | CASE NUMBER CV09-5687RSWL (AGRx) |
| | **SUMMONS** |

TO: DEFENDANT(S): ______________________

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Robert F. Brennan, Esq., whose address is BRENNAN, WIENER & ASSOC., 3150 Montrose Ave. La Crescenta, CA 91214. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: AUG - 4 2009

By: NATALIE LONGORIA
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARISELA MORALES, an Individual;

**DEFENDANTS**
EQUIFAX, INC., is a Corporation; EXPERAIN INFORMATION SOLUTIONS INC.,; TRANSUNION CORP., CITIMORTGAGE INC., a business entity, form unknown; SPECIALIZED LOAN SERVCING, LLC, a business entity form unknown, & DOES 1-10, Inclusive

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Los Angeles, California

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert F. Brennan, Esq. SBN 132449
BRENNAN, WIENER & ASSOCIATES
3150 Montrose Ave.
La Crescenta, CA 91214 Telephone 818-249-5291

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☑ **MONEY DEMANDED IN COMPLAINT: $** 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☑ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities /Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Act<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Info. Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise<br>**REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Fed. Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury-Med Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability | ☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br>**BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 American with Disabilities - Employment<br>☐ 446 American with Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>**FORFEITURE / PENALTY**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety /Health<br>☐ 690 Other | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV09-5687

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
EQUIFAX - Georgia
EXPERIAN - Ohio
TRANSUNION - Delaware
CITIMORTGAGE - New York
SPECIALIZED LOAN - Delaware

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ______ **Date** August 3, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |